UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
EXXONMOBIL OIL CORPORATION,

                Plaintiff,

  -against-

PBF HOLDING COMPANY LLC and
PAULSBORO TERMINALING
COMPANY LLC,

                Defendants.
---------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:21-CV-04183 (FB) (LB)

*Appearances:*
*For the Plaintiff*:
JOHN B. MCCUSKER
PATRICE E. LETOURNEAU
ARJUN D. SHAH
Duane Morris LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 1800
Newark, NJ 07102

*For the Defendants*:
BRIAN P. GRAFFEO
LAUREN E. KOMSA
Williams, Graffeo & Stern, LLC
60 Washington St., Suite 204
Morristown, NJ 07960

**BLOCK, Senior District Judge:**

      Plaintiff ExxonMobil Oil Corporation ("Exxon") moves for reconsideration of the Court's Memorandum & Order dated June 26, 2023 (the "Order"), denying its motion for summary judgment on its Count One, breach of contract claim against PBF Holding Company LLC ("PBF") and Paulsboro Terminaling Company LLC

("PTC") (together, "Defendants").[1]  As explained herein, Exxon's motion for reconsideration is granted.

\* \* \*

The standard for granting a motion for reconsideration is strict.  Relief will generally be denied unless the moving party can "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quotation omitted).

The principal issue raised by Exxon's motion for summary judgment on its Count One, breach of contract claim was whether a particular petroleum product— Altum 4—was a product covered by the parties' Terminaling Subagreement.  On that issue, the Court agreed with Exxon that the agreement required Defendants to terminal that product.  Order at 7-9.  The Court nevertheless denied summary

---

[1] As noted in the Court's Order, neither party moved for summary judgment on Exxon's second cause of action, the breach of contract claim regarding liability for the 2018 oil loss.  As explained therein, that claim remains to be determined at trial.

2

judgment, holding that there was an issue of fact as to whether Defendants breached their contractual obligations.  Specifically, the Court held that: "Whether Defendants made a legitimate good faith effort to propose alterations to their facilities to accommodate Altum 4, or if these proposals were merely veiled attempts [to] legitimize a breach of contract, remains unclear."  *Id.* at 10.

      Exxon argues that the Court overlooked matters in the record.  It first cites the modification provision of the Master Agreement, which Defendants invoked to show that the parties contemplated that Defendants might have to modify their facilities to accept certain products.  *See* Defs.' Resp. to Pl.'s Statement of Undisputed Facts at ¶ 44 ("The Master Services Agreement and Terminaling Subagreement set forth specific procedures for modifying the facilities or services that were to be provided . . . .").  Exxon correctly notes that a plain reading of the modification provision in the Master Agreement indicates that it does not apply to this dispute because the opening clause specifies that *Exxon* "may request [Defendants] to modify the facilities provided under this Agreement, a Subagreement, or Order." Pl.'s Mem. of Law in Support of Mot. for Partial Summ. J., Ex. A: Master Agreement at 31.3.  Here, it is undisputed that Exxon did not make any such request; accordingly, the obligation and procedure created by the clause is inapplicable.

Second, Exxon cites undisputed facts leading up to the first delivery of Altum 4. Those facts show that on June 11, 2021, Defendants tendered their "conditions for acceptance" to Exxon, specifying that they would accept Altum 4 if and only if Exxon agreed to: (1) assent to PBF's plan for offloading and storing Altum 4; (2) maintain certain sensors inside its Lubricant Blend Plant and share the data with Defendants upon request; (3) extend two separate access agreements; and (4) end collection efforts related to the 2018 oil loss. Certification of John B. McCusker in Supp. of Mot. For Partial Summ. J., Ex. 25. Exxon consented to the first two conditions and agreed to meet with PTC on an expedited basis to resolve the remaining issues. Defendants considered this a rejection of their proposal and subsequently refused to accept and store Altum 4 when it arrived at their facilities on June 25, 2021. While the first two conditions (which Exxon accepted) arguably reflect Defendants' good-faith attempt to comply with their contractual obligation to accept Altum 4, the last two can only be read as conditioning acceptance on matters outside the scope of the contract. That Defendants needed to make modifications to their facilities to receive and terminal Altum 4 does not mean that they could condition their contractual obligations on separate access agreements and collection efforts related to the 2018 oil loss.

In sum, while Defendants' motivation could conceivably create an issue of fact if their conditions of acceptance were confined to the four corners of their contracts, the undisputed facts of this case compel the conclusion that they were in breach. And, since this issue was not the central focus of the motion for summary judgment, Exxon is pointing to matters the Court overlooked, rather than merely repackaging its prior arguments. For these reasons, Exxon's motion for reconsideration is granted. Therefore, Exxon's motion for summary judgment on its Count One claim for breach of contract is granted.

Accordingly, trial shall be held to determine damages for Defendants' breach of their contractual obligations to provide terminaling services for Altum 4, and on Exxon's breach of contract claim regarding liability for the 2018 oil loss.

**SO ORDERED.**

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 25, 2023