```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
EXXONMOBIL OIL CORPORATION,
                                                        MEMORANDUM AND ORDER
                Plaintiff,                              Case No. 1:21-CV-04183 (FB) (LB)

        -against-

PBF HOLDING COMPANY LLC and
PAULSBORO TERMINALING
COMPANY LLC,

                Defendants.
---------------------------------------------------x
```

*Appearances:*  
*For the Plaintiff*:  
JOHN B. MCCUSKER  
PATRICE E. LETOURNEAU  
ARJUN D. SHAH  
Duane Morris LLP  
One Riverfront Plaza  
1037 Raymond Blvd., Suite 1800  
Newark, NJ 07102  

*For the Defendants*:  
BRIAN P. GRAFFEO  
LAUREN E. KOMSA  
Williams, Graffeo & Stern, LLC  
60 Washington St., Suite 204  
Morristown, NJ 07960  

**BLOCK, Senior District Judge:**

Defendants PBF Holding Company, LLC and Paulsboro Terminaling Company, LLC (together, "Defendants") move for reconsideration of the Court's September 25, 2023, order, which granted Plaintiff ExxonMobil Oil Corporation's ("Exxon") motion for reconsideration and awarded Exxon summary judgment on its Count One breach of contract claim. *See ExxonMobil Oil Corp. v. PBF Holding Co. LLC*, No. 1:21-CV-04183 (FB) (LB), 2023 WL 6214241, at *2 (E.D.N.Y. Sept. 25, 2023) (the "Reconsideration Decision"). Defendants alternatively move to certify

the Reconsideration Decision for interlocutory appeal. For the following reasons, both motions are DENIED.

## I. BACKGROUND

The Court assumes the parties' familiarity with the underlying record and recites only the portions pertinent to Defendant's motions.

On June 26, 2023, the Court ruled on the parties' cross motions for summary judgment. *ExxonMobil Oil Corp. v. PBF Holding Co. LLC*, No. 1:21-CV-04183 (FB) (LB), 2023 WL 4184990, at *5 (E.D.N.Y. June 26, 2023) (the "Summary Judgment Decision"). In relevant part, the Court held that Defendants were contractually obligated to "terminal"—that is, to store—an Exxon petroleum product known as "Altum 4." The Court declined to grant Exxon summary judgment, however, concluding that there was a genuine issue of fact as to whether Defendants' refusal to accept the first shipment of Altum 4 was a breach of that obligation.

Exxon moved for reconsideration, arguing that Defendants' position was not supported by the parties' agreement and was contradicted by additional undisputed facts regarding the rejection of the shipment. The Court agreed that it had misapprehended and/or overlooked relevant matters, and granted the motion

2

because the record unequivocally showed that Defendants refused to terminal Altum 4 unless Exxon agreed to conditions outside the scope of their agreement.

## II.     MOTION FOR RECONSIDERTION

Where appropriate, a district court may on a second motion for reconsideration reverse itself again to return to the original disposition. *See Westport Ins. Co. v. Laschever*, No. 3:06-519WWE, 2009 WL 497641, at *1 (D. Conn. Feb. 25, 2009) (citing *Fleming v. Air Sunshine Inc.*, 311 F.3d 282 (3d Cir. 2002)). However, the strict standards for reconsideration make that a rare occurrence.

The Court has thrice reviewed the record in this case. To summarize, the Defendants initially claimed that they were entitled to reject the shipment because Altum 4 was outside the scope of their agreement with Exxon. When the Court rejected that claim in the Summary Judgment Decision, Defendants instead argued that they were contractually entitled to condition acceptance of Altum 4 on certain modifications to their facilities. As explained in the Reconsideration Decision, the contractual provision Defendants relied on dealt with modifications requested *by Exxon*, and it is undisputed that there was no such request. Moreover, at least two of the conditions they proposed had nothing to do with their ability to accept

3

Altum 4.  In short, the undisputed facts plainly show that Defendants' refusal to terminal the first shipment of Altum 4 was a breach of contract.

Defendants' arguments to the contrary are without merit.  Essentially, they contend that the conditions they proffered to Exxon to receive the shipment of Altum 4 were relevant because of other commercial issues between the parties.  While Defendants would have been free to inject those issues into negotiations over a new agreement, they have no bearing on Defendants' existent contractual obligations—which, as the Court has already held, included the obligation to terminal Altum 4.  Whether Exxon was playing hardball in the parties' broader business dealings is of no significance to its right to performance of that obligation.  For these reasons, reconsideration is denied.

### III.   MOTION TO CERTIFY

Defendants additionally ask the Court to certify this case for interlocutory appeal.  A district court may certify an order for interlocutory appeal when the order: (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  *See Murray v. Metropolitan Life Ins. Co.*, 583 F.3d 173, 176 (2d Cir. 2009) (citing 28 U.S.C. § 1292(b)).

Defendants argue that the controlling question of law is whether a court commits error when it fails to reassess the entire evidentiary record when reconsidering a denial of summary judgment. But it is obvious that a court must do so, and the application of a clear legal standard to a particular set of facts is not a valid question for interlocutory review. *See Banque Nordeurope S.A. v. Banker*, 970 F.2d 1129, 1131 (2d Cir. 1992) ("[A] critical factor in appealability is whether the appeal presents an important question of law whose resolution will guide courts in other cases, or whether it involves merely the application of well-settled principles of law to particular facts."). Moreover, "a question of law certified for interlocutory appeal must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Century Pacific, Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008) (cleaned up). As its protracted history in this Court proves, this case depends on a close review of an extensive record. Accordingly, Defendants' request for certification is denied.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration and for leave to certify the Court's Reconsideration Decision for interlocutory appeal are both DENIED.

**SO ORDERED.**

                                           /S/ Frederic Block_____
                                          FREDERIC BLOCK
                                          Senior United States District Judge

Brooklyn, New York
February 20, 2024